UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>18-60352-CR-MOORE/SNOW</u>

UNITED STATES OF AMERICA

vs.

**TAYYAB TAHIR ISMAIL,**
    **Defendant.**
_____/

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida ("this Office") and TAYYAB TAHIR ISMAIL (hereinafter referred to as the "defendant") enter into the following agreement:

1.     The defendant agrees to plead guilty to Count 2 of the indictment, which count charges the defendant with distribution of information relating to explosives, in violation of Title 18, United States Code, Section 842(p)(2)(A).

2.     This Office agrees to seek dismissal of Counts 1, 3, 4, and 5 of the indictment, as to this defendant, after sentencing.

3.     The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The

defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of up to five (5) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

2

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution

3

order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

9.  The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court.

10. The initial Response to the Standing Discovery Order and its numerous attachments, including recorded conversations of the defendant, mirror images of his electronics, and content from his cellular telephone, have been provided to the defendant. Additional discovery exists. Thus, this Office represents that the undersigned prosecutor is unaware of any information establishing the factual innocence of the defendant in the offenses referred to in paragraph one of this agreement. This Office understands it has a continuing duty to provide such

information establishing factual innocence of the defendant. The defendant understands that if this case proceeded to trial, this Office would be required to provide impeachment information relating to any informants or other witnesses. In addition, if the defendant raised an affirmative defense, this Office would be required to provide information in its possession that supports such a defense. Further, if this case proceeded to trial, this Office would be required to provide other information and materials in accordance with Fed. R. Crim. P. 16 and the Southern District of Florida's Standing Discovery Order.   In return for the Government's promises set forth in this agreement, the defendant waives the right to receive all such additional information and materials, other than information and materials establishing the factual innocence of the defendant, and also agrees not to attempt to withdraw his guilty plea or to file a collateral attack based on the existence of such information and materials other than information and materials establishing the factual innocence of the defendant.

11.    This is the entire agreement and understanding between this Office and the defendant.  There are no other agreements, promises, representations, or understandings unless

5

contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 2/28/19     By: _____
KAREN E. GILBERT
Assistant United States Attorney

Date: 2/28/19     By: _____
DAVID ANTHONY NUÑEZ
Attorney for Defendant

Date: 2/28/19     By: _____
TAYYAB TAHIR ISMAIL
Defendant