**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-60352-CR-MOORE**

**UNITED STATES OF AMERICA**

**v.**

**TAYYAB TAHIR ISMAIL,**
                         **Defendant.**
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR VARIANCE

The United States, by and through the undersigned Assistant United States Attorney, hereby responds to Defendant Tayyab Tahir Ismail's Sentencing Memorandum and Request for Downward Variance and Defendant's Notice of Filing "Terrorism" Case Dispositions (DE *Sealed* and 51). This court should deny the defendant's request for such a significant downward variance (defendant requesting a sentence of 7.5 years) and sentence this defendant to twenty years (240 months') imprisonment.  The defendant plead guilty to Count 2, of a five count Indictment,  which charged him with posting bomb making instructions with the intent that the information be used for, and in furtherance of, an activity that constitutes a Federal crime of violence, that is, using a weapon of mass destruction, in violation of Title 18, United States Code, Sections 842(p)(2)(A) and 844(a)(2).   Although the advisory guideline range for this conviction is life imprisonment, 240 months is the statutory maximum for this offense.   The defendant has already received a significant benefit in that he plead to a single count in the Indictment.

*PSI-Calculation of Advisory Guideline Range*

In Paragraphs 22-31 of the PSI, it was determined that pursuant to USSG §2M6.1, the

Base Offense Level is 42.  Because this offense involved or was intended to promote a federal crime of terrorism, 12 levels are added.  Thus, resulting in an Adjusted Offense Level of 54. After acceptance of responsibility, the level was reduced to 51.  However, pursuant to the USSG the Total Offense Level is reduced to a maximum of level 43.  Because of the applicability of the terrorism enhancement, paragraphs 24 and 75, Ismail has a criminal history category of VI.  This resulted in an advisory guideline range of life imprisonment.

Defendant argues in his pleading that this criminal history category of VI significantly over-represents his individual criminal history.  Even if this argument was accepted by the court, and a criminal history category of I was applied, his advisory guidelines remain the same, Level 43, Criminal History Category I, is an advisory sentence of life.    Therefore, this argument is moot and need not be addressed by this court.

Further, if this court accepted defendant's argument that the terrorism enhancement should not be applied, his Offense Level would be 39, criminal history category I, with an advisory guideline range of 262-327.  The bottom of this range is above the statutory maximum for the offense of conviction, 240 months.

Therefore, it is the government's position that this court should not address the moot issues and solely look at the Title 18, United States Code, Section 3553 factors to determine the appropriate sentence.

*Offense Conduct*

The offense conduct section of the PSI, paragraphs 4-18, detailed the significance and seriousness of this offense.  Simply stated, the defendant provided instructions on how to make bombs/explosive devices with the intent that the bombs/devices be made and exploded on behalf of, and in furtherance of the mission of, ISIS.  ISIS propaganda re-posted by the defendant called

for attacks around the world, including in the United States.  Common sense dictates that the purpose of an exploding bomb isn't to only "send a message;" it is to injure and kill people. Because of the nature of the location in which defendant posted these instructions and videos, the world wide web/internet, we have no idea if his instructions have been used, or importantly, whether they will be used in the future.  Unfortunately, we can't remove these dangerous instructions and videos from the internet.

During the months leading up to the Indictment, the defendant conducted extensive research online, collected the bomb making instructions and videos and posted them to a mobile messaging room full of individuals who support the designated foreign terrorist organization ISIS and violent jihad.  Defendant also researched propaganda from ISIS' leader and posted it to many of the same messaging rooms.  The propaganda called for ISIS followers to conduct attacks in the United States. (PSI,¶7). Further, defendant posted messages about the rewards for a martyr (an individual who dies during a jihad attack); videos on how to construct a bomb; a photo of the Statue of Liberty being targeted by ISIS in a drone attack; and a link to "Four Easy Ways for Making An Explosives Belts and Vest." (PSI, ¶9-10). This conduct was not a single occasion or even a limited amount, it went on for months.

The seriousness of this offense and the conduct of the defendant justify the high base offense level for this offense, level 42.

In his motion, defendant attempts to compare sentences in other cases in which the charge of conviction was for the material support of a terrorist organization. Although this statute, 18 USC 2339B, since 2015 also has a twenty year statutory maximum sentence, the starting base offense level is 26.  This is 16 levels below what the guidelines provide for this defendant's statute of conviction. This makes comparison to those cases and respective sentences

inappropriate. This disparity of base offense level indicates the difference in these types of cases. In defendant's pleading which details many examples of federal sentences (DE 51), defendant provides the court with statistics that he claims support his request for a 7.5 year sentence. However, what this pleading exemplifies is that sentences are "all over the spectrum." This is further support that this court should focus on the criminal conduct in this case and the history and characteristics of this defendant.

*Title 18, United States Code, Section 3553(a) Factors*

The factors most relevant to this case are:

(a) The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
…

The sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment, and the need to afford adequate deterrence. These factors support a twenty-year sentence. As described above in the Offense Conduct section, the defendant's conduct was extremely serious. Arguably, his conduct couldn't be more serious in that this involved the potential to kill dozens of people. The circumstances of the criminal conduct involve a foreign terrorist organization that this defendant placed above his country and its citizens. He supported and attempted to encourage others to support and act on behalf of ISIS.

A twenty-year sentence would be just punishment for the actions of the defendant. He acted without regard for human life. Further, a twenty-year sentence would provide adequate deterrence to others. A severe sentence for this conduct would hopefully deter others from attempting to act in a similar way.

*Mental Health of Defendant*

According to both experts who evaluated the defendant, he has mental health concerns. Both experts determined that the defendant has several diagnoses and that he would benefit from treatment. Each evaluated the defendant with a goal of answering the question of whether defendant would benefit from treatment while imprisoned. The government fully supports treatment of the defendant, however, we disagree that it should be a basis for a further downward variance from twenty-years' imprisonment.

*Conclusion*

The government certainly recognizes that this court has the discretion to sentence Defendant to a sentence below the statutory maximum of twenty years, however, we assert that the court should not, under these facts and circumstances, exercise such discretion. Based upon the above, pursuant to Title 18, United States Code, Section 3553(a), the factors to be considered in imposing sentence, a twenty-year sentence is reasonable and appropriate.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   /s/ *Karen E. Gilbert*          
Karen E. Gilbert
Assistant United States Attorney
Florida Bar No. 771007
99 N.E. 4th Street, Suite 815
Miami, Florida 33132
Tel: (305) 961-9161
Fax:(305) 536-4675
karen.gilbert@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ *Karen E. Gilbert*                    
Karen E. Gilbert
Assistant United States Attorney